UNITED STATES OF AMERICA
DISTRICT COURT OF MASSACHUETTS

| | |
|---|---|
| CLIFFORD MICHAELSON ) <br> ) <br>    Plaintiff ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> UNITED STATES VETERANS ) <br> ADMINISTRATION, ) <br> ) <br>    Defendant ) | COMPLAINT AND <br> DEMAND FOR TRIAL BY JURY <br><br> C.A. No. |

### COMPLAINT AND JURY CLAIM

Clifford Michaelson brings this action against his former employer, the United States Veterans Administration for violation of the Massachusetts Paid Family Medical Leave Act.

### PARTIES

1. Plaintiff, Clifford Michaelson ("Plaintiff"), is an individual residing in Winchester, Middlesex County, Massachusetts.

2. Defendant, United States of America is a sovereign nation which in this case acted through its Agency the United States Veterans Administration ("VA"), an agency of the United States. 14 U.S.C. §1.

### STATEMENT OF JURISDICTION

3. The violations of MGL C. 175M, s. 1, et seq. the Massachusetts Paid Family Medical Leave Act occurred in Bedford, Middlesex County, Massachusetts.

4. This court has jurisdiction to hear this action pursuant to 28 U.S.C. § 1331.

5. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 2674.

5. Venue is proper in the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. §§ 1391(b)(1), (b)(2), (c)(1), and (e)(1).

6. This court has jurisdiction over the parties pursuant to G.L. c. 223, § 1 as the Plaintiff resides in Middlesex County, the Defendant maintains a usual place of business in

Middlesex County, and the events described herein occurred in Middlesex County; and, this Court has subject matter jurisdiction over this dispute.

## FACTS AND ALLEGATIONS

7. At all times pertinent to this Complaint, Plaintiff was an employee of the VA's under successive agreements for fee based employment as a physician.
.
8. Plaintiff had a serious health condition in late 2020 and provided the VA with notice of it and the need for a medical leave to attend to it.

9. Plaintiff went out on medical leave at the end of December, 2020.

10. Plaintiff was ready and willing to return to work at the VA in mid or late April, 2021 and notified the VA of the same.

11. Plaintiff and a supervisor at the VA discussed a July 2021 return to work for Plaintiff.

12. The VA failed and refused to process the Plaintiff's return to work from medical leave despite great effort by the Plaintiff.

13. Plaintiff was under agreement to continue work at the VA well in to 2022; despite this, the VA refused and failed to return him to work after his medical leave.

14. The VA acted out of retaliatory motive in failing to return the Plaintiff to work.

15. The VA failed to provide Plaintiff with a job protected medical leave as required by MGL C. 175M, s. 1, et seq.  the Massachusetts Paid Family Medical Leave Act.

16. As a result of the VA's failure to return Plaintiff to work and provide him with a job protected medical leave pursuant to MGL C. 175M, s. 1, et seq.  the Massachusetts Paid Family Medical Leave Act, the Plaintiff's employment with the VA was terminated.

17. The VA first refused to provide Plaintiff with any explanation as to why it failed to return him to work, then falsely claimed later that it was due to economic reasons.

18. The Plaintiff has suffered significant economic loss, as well as emotional distress as a result of these violations.

19. Woodland did not adequately respond or investigate Plaintiff's claims of racial discrimination despite having an affirmative duty to do so under GL Chapter 151B.

20. The Defendant is an employer and a covered business entity as defined by MGL C. 175M, s. 1, et seq.

21.     Under MGL C. 175M, s. 1, et seq, the Massachusetts Paid Family Leave Act, the Plaintiff had a right to take job protected and paid family leave / time off to attend to his serious health condition.

22.     The defendant failed and refused to provide the plaintiff with a required, job protected leave to attend to his serious health condition.

23.     The defendant unlawfully retaliated against the plaintiff for exercising his rights pursuant to MGL 175M, s. 1, et seq, and/or the regulations promulgated thereunder by discharging him from employment.

24.     The defendant terminated the plaintiff's employment without providing the plaintiff with job protected leave to attend to his serious health condition.

25.     The defendant's conduct constitutes a material violation of MGL C. 175M, s. 1, et seq, the Massachusetts Paid Family Leave Act.

26.     As a direct and proximate result of the defendant's material violation of MGL C. 175M, s. 1, et seq, the Massachusetts Paid Family Leave Act, Plaintiff has incurred and continues to incur substantial loss of wages, earning capacity and fringe benefits, has suffered emotional distress and anguish of mind, and has suffered, and will continue to suffer, other damages as he will show at trial.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against the defendant:

a.  Declare that the defendant violated the MGL C. MGL C. 175M, s. 1, et seq, the Massachusetts Paid Family Leave Act.;
b.  Order that the defendant reinstate the plaintiff;
c.  Award Plaintiff compensatory damages;
d.  Award Plaintiff multiple damages;
e.  Award Plaintiff punitive damages;
f.  Award Plaintiff reasonable attorneys' fees, statutory interest, and the costs of this action; and
g.  Issue such other relief as the Court deems just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

                      The Plaintiff,
                      by her attorney,

                      */s/ Sol J. Cohen*
                      Sol J. Cohen, Esq.
                      BBO# 630776
                      Kerstein, Coren & Lichtenstein, LLP
                      60 Walnut Street, 4th Floor
                      Wellesley, MA 02481
                      781-997-1600
                      scohen@kcl-law.com

Dated: December 20, 2023